UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LANA SCHUTTE,

       Plaintiff,

v.                                                  CASE NO.: 8:04-CV-1000-T-17MAP

CONTINENTAL CASUALTY COMPANY and
NORTHERN TRUST CORPORATION,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is an action to recover short-term disability benefits governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Plaintiff Lana Schutte, formerly a private banker with Northern Trust Bank of Florida, N.A. ("Northern"), suffers from narcolepsy, a disabling and potentially dangerous neurological condition typified by excessive daytime sleepiness and cataplexy, a sudden loss of strength in the voluntary musculature. On December 11, 2003, after working for Northern for approximately fourteen months, she stopped working and applied for short term disability benefits with her employer claiming she could no longer keep up with her job. Initially, Continental Casualty Company ("Continental"), the claims administrator for Northern's Employee Income Protection Program, awarded benefits. But after conducting an independent investigation, Continental denied further payments of short term disability benefits beyond January 22, 2004. Plaintiff exhausted her administrative remedies and then brought this suit for benefits against her former employer and Continental. All parties have since moved for summary judgment, which the district judge has referred to me for a report and recommendation. After considering the motions, responses, and the administrative record, I find

Northern is not a proper party; I also find that Continental's decision denying benefits was not arbitrary and capricious. Therefore, I recommend the district judge grant the Defendants' motions for summary judgment.

*A. Background*

A private banker at Northern "assist[s] senior relationship managers with accounts, or manages routine or smaller relationships with high net worth individuals and corporations/partnerships by providing investment, credit and capital market products and services." Plaintiff's job description states she "enhances quality of service to existing accounts and coordinates delivery of client service with other parts of the bank." As an employee of Northern, Plaintiff participated in its ERISA-governed benefit plan (the "Plan") offering both short-term and long-term disability income protection which Defendant Continental administered and Defendant Northern sponsored. Per the Plan, to qualify for short-term disability, an employee must be totally disabled as that term is defined in the Plan, namely: "a physical or mental impairment that totally prevents you from performing the material and substantial duties of your regular occupation and you are not working for wages under any occupation." Further, the Plan specifies that to receive short-term disability benefits "you must be under the care of a legally licensed medical practitioner and receiving appropriate treatment for the medical condition that caused your disability."

Continental initially approved short-term disability payments, but after paying Plaintiff benefits from December 13, 2003, through January 22, 2004, it terminated payment. Plaintiff asserts Defendants wrongfully terminated her benefits and argues she is entitled to short term disability benefits from January 23, 2004, for the balance of the ninety day period available pursuant to the terms of the Plan. Defendants claim Plaintiff has sued the wrong entities and, irrespective, she is

not entitled to short term disability benefits because she has failed to demonstrate she is unable to perform the material and substantial duties of her job as a private banker.

    *B. Standard of Review*

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly support summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*

Furthermore, "in an ERISA benefit denial case ... in a very real sense, the district court sits more as an appellate tribunal than as a trial court. It does not take evidence, but, rather, evaluates the reasonableness of an administrative determination in light of the record compiled before the plan fiduciary." *Curran v. Kemper Nat'l Servs., Inc.,* 2005 WL 894840 (11th Cir. May 16, 2005) quoting *Leahy v. Raytheon Co.*, 315 F.3d 11, 17- 18 (1st Cir. 2002).

    *C. Discussion*

        *1. proper parties*

At the outset, both Defendants claim the Plaintiff sued the wrong party. Defendant Northern, a holding company that holds stock for Northern of Florida and Northern of Illinois, claims it is an improper party and should not have been named as a defendant in this suit. According to Northern, another company, Northern Trust Company, an Illinois banking company, is the Plan sponsor, and

would be a proper party in an ERISA action, but only if the Plan designated Northern as Plan administrator or fiduciary or if the Plan failed to name an administrator or if Northern, as employer, had control or influence over the administrator's decision regarding awarding benefits. Northern argues that the Plan specifically designated co-Defendant Continental as Plan administrator and delegated all duties and responsibility for managing claims and appeals and rendering final claims decisions to Continental. *See* Pitman affidavit (doc. 30). Curiously, Continental admits serving as the claims administrator for the Plan but denies any financial obligation to pay short-term benefits to Plaintiff since the Plan is self-funded by Northern. Continental purports that Plaintiff should sue the Plan directly pursuant to IRC § 501(c)(9). Northern's argument has merit, but Continental's does not applying the Eleventh Circuit's guiding principles.

The Eleventh Circuit holds that when a participant in an employee benefit plan brings suit for denial of benefits under 29 U.S.C. § 1132(a)(1)(B) the proper defendant is the party that controls plan administration. *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1987) (dismissing claims against the company servicing the employee benefit plan because the proper defendant was the plan administrator). Following *Garren*, Continental as the plan administrator is a proper party; Northern, however, is not. Continental's argument that the Plan itself and not the plan administrator is the proper defendant here is without merit. While some earlier cases in other circuits seemed to support the conclusion that suits to recover benefits should be brought against the plan itself as an entity, those cases held only that employers, who were not also plan administrators, could not be sued under ERISA. More recent decisions, including this circuit's decision in *Garren*, flatly reject that implication uniformly holding that plan administrators are proper defendants in suits brought under 29 U.S.C. § 1132(a)(1)(B). *See generally Garren, supra; Everhart v. Allmerica Fin.*

*Life Ins. Co.*, 275 F.3d 751, 754 n. 6 (9th Cir. 2001); *Layes v. Mead Corp. et al.*, 132 F.3d 1246 (8th Cir. 1998) (holding employer who was not plan administrator was not a proper party defendant and Continental, who was at all relevant times the sole administrator, was a proper defendant); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988). Accordingly, Northern is not a proper party defendant in this action because there has been no evidence presented indicating it exercised control over Continental's decision to terminate Plaintiff's benefits. Absent evidence that Northern exercised decisional control, it is illogical to require it to defend a charge of wrongful termination of benefits. *See accord Henderson v. Transamerica Occidental Life Ins. Co. et al.,* 120 F. Supp. 2d 1278, 1282 (M.D. Ala. 2000).

Additionally, Continental argues that because the Plan as it relates to short-term disability benefits is self-funded, it is not obligated to pay short-term disability benefits to Plaintiff and any judgment against Continental for short term disability benefits is improper and inconsistent with the terms of the Plan. I find no merit in Continental's argument; in the event that a judgment against Continental was rendered, it would be a judgment against Continental in its capacity as Plan administrator for the Plan. There is no practical distinction between a judgment against the Plan and a judgment against Continental as Plan administrator. Finally, I note that prior to the filing of its summary judgment motion, Continental was content to litigate this case and even admitted in its answer to Plaintiff's amended complaint that it was "the Plan Administrator of the Plan and/or is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim." *See* doc. 13. It would be inequitable to permit Continental to take a contrary position regarding its status at this late date. *See Cook v. Liberty Life*, 2002 WL 482572 (D.N.H. March 29, 2002).

*2. benefits decision*

The administrative record includes opinions by Plaintiff's treating specialists and lay accounts of her sleeping disorder. Plaintiff's sleep disorder specialist, Neil Feldman, M.D., diagnosed her with narcolepsy after completing multiple sleep latency testing ("MSLT") and evaluating her symptoms and history. He opined that Plaintiff's "sleepiness impairs her ability to provide continuity of her thought processes and therefore makes her disabled for her current occupation which is a loan officer." Patricia Shiflett, a psychologist who evaluated Plaintiff, reported that she has long tried to cope with her illness but it has a deleterious effect on her ability to manage work effectively and concluded she can no longer effectively function in her prior position as a banker. To this end, Plaintiff detailed her struggle to perform her job and submitted correspondence from several acquaintances attesting to her slowness in responding to questions, weight loss and decreased appetite, and sleepiness.

While Continental acknowledges Plaintiff's longstanding condition, it underscores its discretionary authority under the Plan. It maintains it investigated Plaintiff's claims, thoroughly considered the evidence, and carefully compared Plaintiff's claimed symptoms with her objective work performance. From this, it acted reasonably and not arbitrarily or capriciously.

Denials of ERISA benefits are governed by 29 U.S.C. § 1132(a)(1)(B). Although the statutory scheme does not set forth a standard of review, the parties agree that because the Plan grants discretionary authority to Continental to determine eligibility for benefits and to construe the Plan, the arbitrary and capricious standard applies. *See generally Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989). This standard is substantively the same as the "abuse of discretion" standard, and the Eleventh Circuit employs it "to avoid judicial second

guessing/intrusion by according the most judicial deference (and thus, the least judicial scrutiny)." *Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132 (11th Cir. 2004).  Hence, the issues here are whether Continental reasonably construed the Plan and whether the record reasonably supports its decision. *See Brown v. Blue Cross & Blue Shield of Ala.*, 898 F.2d 1556, 1567 (11th Cir. 1989); *Jett v. Blue Cross/ Blue Shield of Ala*, 890 F.2d 1137 (11th Cir. 1989); *Anderson v. Ciba-Geigy Corp.*, 759 F.2d 1518, 1522 (11th Cir. 1985).  And Plaintiff bears the burden to show that Continental arbitrarily and capriciously terminated benefits. *See generally Grant v. Provident Life and Accident Ins. Co.* 2001 WL 1671028 (S.D. Fla. 2001) ("ERISA imposes upon a plan participant seeking to challenge a denial of benefits the burden of showing that she is entitled to such benefits."); *Hill v. Monsanto Co. Hourly Paid Employees' Pension Plan*, 1993 WL 185278, *4 (N.D. Fla. May 13, 1993) (describing a plaintiff's burden as a difficult standard to overcome).

Even when the arbitrary and capricious standard applies, however, a reviewing court must first decide if the claims administrator's interpretation of the plan was "wrong." *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 993 (11th Cir. 2001).  "Wrong," as the Eleventh Circuit uses the term in ERISA cases, means "the conclusion a court reaches when, after reviewing the plan documents and disputed terms *de novo*, the court disagrees with the claims administrator's plan interpretation." *Id.* at n. 23.  If the claims administrator's interpretation is "wrong," the court then decides whether "the claimant has proposed a 'reasonable' interpretation of the plan." *Id.* at 994 *quoting Lee v. Blue Cross/Blue Shield*, 10 F.3d 1547, 1550 (11th Cir. 1994). But even if the claimant's interpretation is reasonable, that does not mean she automatically prevails. The reason for this seemingly "odd" result – that a claimant's reasonable interpretation does not "trump" the claims administrator's wrong interpretation – rests with the stringent demands the

arbitrary and capricious standard imposes on the reviewing court. That perspective, due under the terms of the plan, requires the court defer to the claims administrator, a point the Eleventh Circuit emphatically emphasizes. *Id.* ("We cannot over emphasize the importance of the discretion afforded a claims administrator) citing *Firestone, supra,* 489 U.S. at 111. Guided by the principle of trust law that a trustee's interpretation should not be disturbed if it is reasonable, a claims administrator's wrong interpretation is arbitrary and capricious only if it is unreasonable. This means a claims administrator's wrong but reasonable interpretation is entitled to deference. *Id.* And so long as a reasonable basis exists for the decision, a plan administrator's determination is not arbitrary and capricious. *Paramore v. Delta Air Lines*, 129 F.3d 1446, 1451 (11th Cir. 1997). To put it another way, if the administrator's benefit decision is reasonable, a reviewing court must uphold it, "even if there is evidence that would support a contrary decision." *Jett, supra*, 890 F.2d at 1140.     Applying this narrow standard of review when examining the administrative record and the parties' arguments, I conclude Continental did not make an arbitrary and capricious decision to terminate Plaintiff's benefits. On the contrary, Continental acted reasonably and in good faith after thoroughly considering Plaintiff's submissions.   Plaintiff pointedly complains that Continental's decision contradicted *all* of her treating specialists who opined she is unable to perform her work as a banker. That contradiction, however, does not make Continental's determination unreasonable. As the Supreme Court has determined, nothing in ERISA suggests that plan administrators must accord special deference to the opinions of treating physicians or impose a heightened burden of explanation when they reject a treating physicians' opinion. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003); *Shaw v. Conn. Gen. Life Ins. Co.*, 353 F.3d 1276, 1287 (11th Cir. 2003) (reversing district court's decision to give special weight to the

opinions of claimant's treating doctors rejected by the plan administrator).  Besides, the Plaintiff's submissions conflicted with Continental's investigation and the natural and reasonable inferences Continental deduced from the record.  Northern found Plaintiff qualified for the job of private banker in October 2001, less than two years before she claimed disability.  Yet, despite the unpredictable nature of her condition with its sudden onset of symptoms without warning, Plaintiff's supervisor attested she had no attendance, tardiness, or performance difficulties during her tenure at Northern.  Continental noted neither Dr. Feldman nor any other physician of record found that Plaintiff's condition totally prevented her from performing the material and substantial duties of her job as required by the Plan's definition of total disability.  From its review of the Plaintiff's submissions and its interviews of her supervisor and coworkers, Continental concluded that Plaintiff's "condition appears to only moderately restrict her ability to perform her daily activities."  *See* doc. 26, Continental 0157-0159.  In sum, Continental reasonably supported its denial based on the facts presented to competent claims administrators following routine procedures in processing Plaintiff's claim.

    D.    *Conclusion*

For the reasons stated, I find Continental did not make an arbitrary and capricious decision to terminate Plaintiff's benefits.  On the contrary, it was reasonable and done in good faith.  Therefore, I hereby

    RECOMMEND:

1.    Plaintiff's Motion for Summary Judgment (doc. 24) be DENIED.

2.    Defendant Continental's Motion for Summary Judgment (doc. 27) be GRANTED and judgment be entered for Continental and against the Plaintiff.

3. Defendant Northern's Motion for Summary Judgment (doc. 29) be GRANTED and Northern be DISMISSED as a party to this action.

IT IS SO REPORTED at Tampa, Florida on June 8, 2005.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Failure to file written objections to this Report and Recommendation within 10 days from the date of its service shall bar an a aggrieved party from attacking it before the assigned district judge. 28 U.S.C. § 636(b); Local Rule 6.02.

cc: Honorable Elizabeth A. Kovachevich
    Counsel of Record